VÍCTOR RIVERA SANTIAGO, Plaintiff and Appellant, *v.* R. COBIÁN CHINEA & Co., INC., ET AL., Defendants and Appellees.

No. 9677. Argued April 2, 1948.—Decided April 9, 1948.

*José C. Jusino* for appellant. *Vicente Géigel Polanco* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This is an appeal from a judgment based on a demurrer,[1] dismissing the complaint for insufficiency, in a suit for unlawful detainer.

The complaint substantially alleges that plaintiff purchased a building situated in the city of Bayamón at a public sale for $50,000; that by virtue of contracts of lease entered into with the former owner, the main floor was occu-

---

[1] Plaintiff entitled it ''Motion for dismissal'', but since the Rules of Civil Procedure are not applicable to unlawful detainer proceedings we shall call it ''Demurrer.''

pied by a commercial firm, R. Cobián Chinea & Co., Inc., defendant herein, and the upper story by Dr. César Heylinger, codefendant; that due to the heavy investments made by plaintiff in said property, *and considering its general condition, and for the protection thereof* as well as of plaintiff's interest, he wishes in good faith to recover its possession "in order to tear down part of the building, enlarge it and make *necessary and important repairs and improvements*" (italics ours); that he shall spend at least $12,000 in the work; that the blue prints of the enlargement and repairs have been approved by the Department of the Interior of Puerto Rico, the corresponding license for the work having been issued; that he is insured in the State Insurance Fund; and lastly, that plaintiff granted to defendants a period of ninety days within which to vacate the building, at the expiration of which he allowed an extension which has also expired without defendants having surrendered the premises.

To support the demurrer defendants rely on § 12(*d*) of Act No. 464 providing for Reasonable Rents of April 25, 1946 (page 1326), complemented by § 4 thereof, as amended by Act No. 395 of May 13, 1947 (page 756).

The first of the aforesaid sections provides that unlawful detainer shall lie against a tenant, among other cases, "When the landlord shows, to the satisfaction of the court, that he desires in good faith to recover the premises for the purpose of demolishing the same in whole or in part *with the intention of constructing a new building* . . . . ". (Italics ours.)

And § 4, as amended, extended the provisions of the Reasonable Rents Act to "Buildings and premises used for businesses, professional offices, and consultation rooms, offices, and commercial purposes . . . ".

Defendants contend that the complaint is insufficient because it does not allege that plaintiff intends to demolish the building in order to erect a new one.

There is no doubt that pursuant to the language of § 12(d) the owner of a building is entitled to bring an unlawful detainer proceeding when in good faith and after fulfilling the other conditions set forth in said Section, he tries to recover the property for the purpose of tearing it down, wholly or partially, in order to erect a new building. But neither the letter nor the spirit of the Act authorizes the owner to oust merely because he intends to make enlargements or alterations of more or less importance. In the present case the complaint does not state that the owner has the intention of constructing a new building, but it alleges that he needs to make urgent and necessary repairs to protect his property. It is true that the Reasonable Rents Act does not expressly allow the action for unlawful detainer when the owner needs to make urgent and reasonably necessary repairs to save his property from ruin; nevertheless, plaintiff contends that § 12(d) of said Act can not be construed in the sense that the owner of a leased property must remain idle, unable to make a necessary repair to save his property from ruin.

This construction is plausible and if the complaint sets up the proper averments, a serious constitutional question would undoubtedly arise concerning the deprivation of property without due process of law.

It is significant that § 209 of the Federal Act entitled "Housing and Rent Act of 1947" which pursues the same object as § 12(d) of the Reasonable Rents Act, perhaps in order to save the constitutionality of the statute, confers the right to oust an occupant when the alterations or repairs are fairly necessary to protect and preserve the building and they can not be performed unless the tenant vacates the premises.

Although it is true that the complaint herein alleges that the repairs or alterations which plaintiff plans to make are urgent and necessary that averment is insufficient. The plaintiff may only raise the constitutional question mentioned

534

above, if he alleges that the repairs or alterations are necessary to save his property from ruin, and that they can not be performed unless the tenants, or some of them, vacate the property. To that end, the complaint is amendable. Therefore, in furtherance of justice, we shall set aside the judgment and remand the case so as to give plaintiff an opportunity to amend his complaint, if possible, in the sense pointed above. If the complaint were thus amended we would be in a position to pass on the constitutional question.